# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| LEE CURTIS TATE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION 09-0268-WS-M |
| ) | |
| OFFICER ROCKFORD, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

The plaintiff in this prisoner action brought under 42 U.S.C. § 1983 has appealed the Magistrate Judge's order denying his motion to appoint counsel. (Doc. 24).[1]

Denial of a motion to appoint counsel is a non-dispositive ruling.[2] A Magistrate Judge's ruling on a non-dispositive matter must be affirmed unless "it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *accord* Fed. R. Civ. P. 72(a); Local Rule 72.3(e). "The 'clearly erroneous or contrary to law' standard of review is extremely deferential. ... Relief is appropriate under the 'clearly erroneous' prong of the test only if the district court finds that the Magistrate Judge abused [her] discretion or, if after reviewing the record as a whole, the Court is left with a definite and firm conviction that a mistake has been made. ... With respect to the 'contrary to law' variant of the test, an order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Pigott v. Sanibel Development, LLC*, 2008 WL 2937804 at *5 (S.D. Ala. 2008) (citations and internal

---

[1] The plaintiff purports to appeal to the Eleventh Circuit. (*Id*. at 1). This is a legal impossibility, and review must be by the Court. *Thomas v. Montgomery County Board of Education*, 169 Fed. Appx. 562, 565 n.4 (11th Cir. 2006).

[2] *E.g.,id*.; *McNary v. Norman*, 1998 WL 4738 at *3 (7th Cir. 1998); *Ervin v. Craig*, 1994 WL 143954 at *3 (9th Cir. 1994).

quotes omitted).

"A plaintiff in a civil suit has no constitutional right to counsel. A court may, however, pursuant to 28 U.S.C. § 1915(e)(1), appoint counsel for an indigent plaintiff. The district court has broad discretion in making this decision, [citation omitted], and should appoint counsel only in exceptional circumstances." *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999).

The primary exceptional circumstance arises when "the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987). This case presents a straightforward claim of excessive force allegedly administered in a single incident witnessed by several persons, as well as a claim for violation of due process in the context of the resulting disciplinary proceeding (by not producing a witness for examination). There is nothing factually or legally novel or complex presented by these claims, and the Magistrate Judge did not abuse his discretion by so ruling. *See, e.g., Dean v. Barber*, 951 F.2d 1210, 1212, 1216 (11th Cir. 1992) (claim based on attack by another detainee, with the governmental defendants' liability based on inadequate security and lack of inmate classification, was not so novel or complex as to require counsel).

The plaintiff asserts that he lacks a high school education and is mildly retarded. (Doc. 24 at 1). "[A]ny mental impairment would likely be a relevant consideration in determining whether counsel should have been appointed." *Smith v. Belle*, 321 Fed. Appx. 838, 846 (11th Cir. 2009). Accordingly, the Magistrate Judge considered "the competence of Plaintiff." (Doc. 21 at 1). Even accepting at face value the plaintiff's representation as to his mental acuity, "[t]he key is whether the pro se litigant needs help in presenting the essential merits of his or her position to the court." *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993). Given the straightforward nature of the plaintiff's claims, the Magistrate Judge did not abuse his discretion in concluding that the plaintiff is capable of presenting his case.

What was said in *Bass* applies here as well: "The plaintif[f], like any other litigan[t], undoubtedly would have been helped by the assistance of a lawyer, but [his] case is not so unusual that the [Magistrate Judge] abused [his] discretion by refusing to appoint counsel." 170 F.3d at 1320.

For the reasons set forth above, the Magistrate Judge's order denying the plaintiff's motion to appoint counsel is **affirmed**.

DONE and ORDERED this 2nd day of March, 2010.

s/ WILLIAM H. STEELE<br>UNITED STATES DISTRICT JUDGE